MURRAY, J.,
Concurs and Assigns Reasons.
|TMr. Kluksdahl, who is not represented by counsel in this appeal, argues that he did not have to submit expert testimony to defeat the summary judgment because he is alleging not only malpractice, but also breach of contract. Specifically, the plaintiff alleges in his petition that Dr. Flynn’s *193 unauthorized disclosure of plaintiffs confidences constituted breach of the implied contract between them. According to plaintiffs argument, he need only prove the occurrence of such a breach, which is actionable per se. However, plaintiff misinterprets the law in this regard.
The trial court granted partial summary judgment dismissing from the plaintiffs petition, as amended, “any and all allegations against Christopher Flynn, Ph.D., arising out of the provision of health care as defined by LSA-R.S. 40:1299.41 et seq.” R.S. 40:1299.40(A)(1), in pertinent part, defines “Health care provider” as a “person, partnership, limited liability company, corporation, facility or institution licensed or certified by this state to provide health care or professional services as a ... psychologist ... acting in the course and scope of his employment.” Moreover, the statute defines “Health care” as “any act or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to, or on behalf of a patient_” R.S. 40:1299.40(A)(9). | ¡¡Finally, it defines “Malpractice” as “any unintentional tort or breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient.... ” R.S. 40:1299(A)(8).
In support of his motion for summary judgment, Dr. Flynn submitted evidence showing that the allegations against him did arise out of the provision of health care as defined by the statute, and further that his actions were appropriate under the circumstances. For instance, he submitted pertinent correspondence between himself, other Loyola personnel, and the plaintiff which preceded the plaintiffs involuntary withdrawal from Loyola Law School. Additional documentation showed the limited circumstances under which a psychologist at Loyola would be authorized to reveal confidential information given to him by a student he was counseling. At this point, as noted in the majority opinion, the burden shifted to the plaintiff to present evidence establishing the standard of care applicable to Dr. Flynn, and that the standard had been breached. In other words, to defeat the summary judgment, Mr. Kluksdahl had to show not only that a breach of confidentiality occurred, but also that under the particular circumstances, the breach of confidentiality violated the applicable standard of care for a psychologist in Dr. Flynn’s position. In the absence of expert testimony, Mr. Kluksdahl was unable to meet that burden. Accordingly, the partial summary judgment was properly granted.
For these reasons I respectfully concur in the majority opinion.